UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-CR-10314-RCL |
| | ) | |
| <u>MANUEL PINALES</u> | ) | |

<u>DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>

     Pursuant to Rules 47, 41(h) and 12(b)(3)(C) of the Federal Rules of Criminal Procedure the Defendant submits that he was subjected to an illegal search and seizure conducted by federal law enforcement officers on October 8, 2004 at approximately 4:00 p.m. at this residence located at 1828 River Street, Hyde Park, Massachusetts in violation of the Fourth Amendment to the United States Constitution, and moves that this Court order the suppression at trial of all evidence seized from that location (Target Location 4) which is listed on the Return of the Search Warrant issued by the Magistrate Judge on October 8, 2004 for that locus and signed by DEA S/A Damian Farley.  The Search Warrant, the Affidavit in Support of Search Warrant, and the Return are submitted herewith and incorporated herein by reference.

     In support of this motion, the defendant submits that the affidavit of Federal Task Force Agent Joseph Gallarelli in support of this search warrant was, with regard to the defendant's residence, the sort of bare bones, conclusory document which the Fourth Amendment does not permit.  See <u>Illinois v. Gates</u>, 462 U.S. 213 (1983).  There is nothing in the affidavit that set forth *facts* connecting drugs, drug paraphernalia, or drug records to the defendant's home.  Indeed, the identical affidavit which was used to support the issuance of search warrants for  7 Knight Street, Apartment 2R, Hyde Park, MA (Target Location 1); 115 Navarre Street, Floor 2, Hyde Park, MA (Target Location 2); and 631 Hyde Park Avenue, Hyde Park, MA (Target

Location 3), tends to negate any nexus between the defendant's home and drug activity.  The search warrant for these loci are submitted herewith.  Furthermore, even using the generous standard set forth in <u>United States v. Leon</u>, 468 U.S. 897 (1984), the search of the defendant' residence was constitutionally defective and the evidence obtained as a result of that search must be suppressed because the search warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  468 U.S. at 923 (quoting from <u>Brown v. Illinois</u>, 442 U.S. 590, 610-611 (1975).

     WHEREFORE, for the reasons stated herein, in the Affidavit of Manuel Pinales, submitted herewith and incorporated by reference herein, and the Defendant's Memorandum of Law in Support of the Defendant's Motion to Suppress Evidence, the defendant requests that this Court order the suppression of the aforementioned property.

                        MANUEL PINALES
                        By his attorney:


                        <u>s/Steven J. Rappaport</u>
                        Steven J. Rappaport
                        Rappaport & Delaney
                        228 Central Street
                        Lowell, MA  01852
                        (978) 454-8103
                        BBO# 412300